UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANIEL GABRIEL FORD** | **DOCKET NO. 6:24-cv-00134**<br>**SECTION P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Daniel Gabriel Ford, who is proceeding pro se and *in forma pauperis* in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.  BACKGROUND

Plaintiff filed the instant complaint on January 18, 2024. Doc. 1. He names the State of Louisiana, the Parish of Lafayette and the Lafayette Parish Jail as defendants.

In the complaint, plaintiff makes numerous allegations regarding the conditions of confinement at the Lafayette Parish Correctional Center (LPCC). Specifically, he complains that he has been written up, that he is not allowed to go outside, that he has no books, socks, or clothes, that he is not allowed access to the telephone, nor does he have a comfortable place to sit and watch television. Finally, he alleges that a guard took his chips and toilet paper out of his cell.

He asks the Court to provide him the "best" lawyer who can help everyone bring ideas to the table and make his dreams come true. Doc. 1, p. 4.

## II. LAW & ANALYSIS

### A. *Frivolity Review*

Ford has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally

connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

C. **Defendants**

    a. *State of Louisiana*

The State of Louisiana enjoys Eleventh Amendment immunity from liability in an inmate's §1983 action. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 651 (1974)).

Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976); *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment and is immune from suit in this action.

### b. *Lafayette Parish*

Plaintiff names Lafayette Parish as defendant in this lawsuit. Claims against a parish governing body must be analyzed under the standards set forth in M*onell v. Department of Social Services,* 436 U.S. 658 (1978). *See, e.g., Babin v. Parish of Jefferson*, Civ. Action No. 16-2954, 2018 U.S. Dist. LEXIS 20579, 2018 WL 794535, at *12 (E.D. La. Feb. 8, 2018); *accord St. Julien v. Government of Iberia Parish,* Civ. Action No. 6:18-CV00099, 2018 U.S. Dist. LEXIS 179052, 2018 WL 5020697, at *3 (W.D. La. Sept. 25, 2018), adopted, 2018 U.S. Dist. LEXIS 178090, 2018 WL 5019965 (W.D. La. Oct. 16, 2018); *Cousin v. St. Tammany Parish*, Civ. Action No. 16-15751, 2017 U.S. Dist. LEXIS 54403, 2017 WL 1321315, at *3-4 (E.D. La. Mar. 13, 2017), adopted, 2017 U.S. Dist. LEXIS 53986, 2017 WL 1319782 (E.D. La. Apr. 7, 2017).

*Monell* provides:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Therefore, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County,*

981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, Civ. Action No. 09-7211, 2009 U.S. Dist. LEXIS 120377, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 U.S. Dist. LEXIS 120377, 2009 WL 5125465, at *3.

Plaintiff should amend his complaint to allege that his constitutional rights were violated as a result of a policy or custom and identify the policy or custom.

### c. *Lafayette Parish Jail*

The Lafayette Parish Jail, or the Lafayette Parish Correctional Center (LPCC), is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*, 2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (citing La. Atty. Gen. Op. No. 03-0437, 2003 La. AG LEXIS 521, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)

### D. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate

the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend to comply with the requirements of Rule 8 with respect to each claim he intends to raise.

### E. Request for Counsel

To the extent that plaintiff asks this Court to appoint counsel, his request is denied. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney

represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter,* 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Of course, should the court ultimately determine that either formal discovery or an evidentiary hearing is necessary, the court must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993).

### III. CONCLUSION

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in chambers this 7th day of June, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**