UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DANIEL GABRIEL FORD #506496/183944**     **CASE NO.  6:24-CV-00134 SEC P**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**STATE OF LOUISIANA ET AL**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Daniel Gabriel Ford ("Ford") against the State of Louisiana, Lafayette Parish, and the Lafayette Parish Correctional Center ("LPCC"). Ford has been granted leave to proceed *in forma pauperis*.

Because Ford fails to state a claim for which relief can be granted, his Complaint and Amended Complaints should be DENIED and DISMISSED WITH PREJUDICE.

**I.     Background**

Ford makes numerous allegations regarding the conditions of his confinement at LPCC. Specifically, he complains that he has been written up for a disciplinary violation; he is deprived of outdoor time; he has no books, socks, or clothes; he has been denied access to the telephone; and he does not have a comfortable place to sit and watch television. Finally, he alleges that a guard took his chips and toilet paper out of his cell. He asks the Court to provide him the "best" lawyer who can help everyone bring ideas to the table and make his dreams come true. ECF No. 1 at 4.

## II. Law and Analysis

### A. Ford's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Ford is a detainee who has been granted leave to proceed *in forma pauperis*. ECF No. 5. As a prisoner seeking redress from an officer or employee of a governmental entity, Ford's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Ford's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. The State of Louisiana is immune from suit.

"Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). The State of Louisiana has not consented. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* LA.REV.STAT. ANN. § 13:5106(A)."). Nor has Congress abrogated Eleventh Amendment immunity for § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe ... that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Therefore, Eleventh Amendment immunity is applicable to Ford's § 1983 claim against the State of Louisiana.

A federal district court lacks subject matter jurisdiction where the named defendant is protected by Eleventh Amendment immunity. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (per curiam). As such, Ford's claim against the State of Louisiana should be dismissed.

### C. Ford fails to state a viable claim against Lafayette Parish.

Ford names Lafayette Parish as a Defendant. Claims against a parish governing body must be analyzed under the standards set forth in M*onell v. Department of Social Services,* 436 U.S. 658 (1978). *Monell* provides:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Accordingly, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County,* 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town*

*of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003). Despite being provided the opportunity to amend his Complaint, Ford has failed to provide any allegations that his constitutional rights were violated because of an identifiable policy or custom.

   **D.**   <u>**LPCC is not a juridical person capable of being sued.**</u>

  To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

  Federal Rule of Civil Procedure 17(b) provides that the capacity to sue or be sued shall be determined by the law of the state in which the district court is located. Thus, Louisiana law governs whether LPCC is an entity that has the capacity to sue or be sued. Under Louisiana law, to possess this capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Jails are not "persons" subject to liability under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). A parish jail is "not an entity, but a building." *Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not an entity capable of being sued). Thus, Ford cannot state a claim against LPCC.

## III.     Conclusion

Because Ford fails to state a viable claim, IT IS RECOMMENDED that the Complaint and Amended Complaints (ECF Nos. 1, 7, 8) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e)(2)(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, October 24, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE